IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| JONICKA PALMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:21cv49-MHT |
| | ) | (WO) |
| ELMORE COUNTY BOARD OF EDUCATION and TEMEYRA MCELRATH, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER ON PRETRIAL HEARING

A pre-trial hearing was held virtually in this case on January 19, 2023, wherein the following proceedings were held and actions taken:

1. **PARTIES, PRE-TRIAL COUNSEL, AND TRIAL COUNSEL:** The plaintiff is Jonicka Palmer. Attorneys Henry L. "Max" Cassady Jr. and William "Bo" Johnson III are Ms. Palmer's trial counsel. Mr. Cassady appeared at the pre-trial hearing and will appear at trial. Mr. Johnson was excused from the pre-trial but will be allowed to participate in trial. The defendants are the Elmore County Board of Education ("the ECBOE") and Ms. Temeyra McElrath. Attorney Erika Tatum is defense trial counsel for the ECBOE, and attorneys John Marsh and Allison Ingram

are defense trial counsel for Ms. McElrath. Ms. Tatum, Mr. Marsh, and Ms. Ingram appeared at the pre-trial hearing and will appear at trial.

2. **JURISDICTION AND VENUE:**

Pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), this Court possesses original jurisdiction of Ms. Palmer's claims brought pursuant to the Americans With Disabilities Act and the Rehabilitation Act of 1973. Pursuant to 28 U.S.C. § 1391(b)(2013), venue in U.S. District Court for the Middle District of Alabama is appropriate, because the ECBOE is located in this district and it is the district in which a substantial part of the acts, omissions, and events occurred that form the basis of this lawsuit.

3. **PLEADINGS:** The following pleadings and amendments were allowed:

    A. Plaintiff's *Complaint* [Doc. 1];

    B. Ms. McElrath's *Answer* to Ms. Palmer's *Complaint* [Doc. 26]; and

    C. ECBOE's *Answer* to Ms. Palmer's *Complaint* [Doc. 27].

4. **CONTENTIONS OF THE PARTIES:**

A. ***Plaintiff Jonicka Palmer's contentions***

Ms. Palmer contends that the ECBOE violated the anti-retaliation provisions of the Americans With Disabilities Act and § 504 of the Rehabilitation Act of 1972.

Ms. Palmer contends, further, that Ms. McElrath violated her First Amendment right to free speech, which protects Ms. Palmer's right to advocate on behalf of her son, A.W., who is a student with multiple disabilities. Ms. Palmer contends that Ms. McElrath violated her First Amendment rights under color of law as an agent of the State of Alabama and that Ms. McElrath is liable to her pursuant to 42 U.S.C. § 1983, which provides a cause of action against state agents who violate a citizen's Constitutional rights.

    B.    *Defendant ECBOE's contentions*

The ECBOE denies all material allegations, and specifically denies that it retaliated or discriminated against Ms. Palmer.

The ECBOE denies all material allegations, and specifically denies that it retaliated or discriminated against Ms. Palmer.

The ECBOE contends that Ms. Palmer's claims are barred by the Statute of Limitations and/or that Ms. Palmer failed to exhaust her administrative remedies as a prerequisite to filing the instant Complaint.

The ECBOE contends that Ms. Palmer cannot establish Section 504 and ADA retaliation claims against the ECBOE.

The ECBOE contends Ms. Palmer did not suffer an adverse action.

The ECBOE contends there is no causal connection between Ms. Palmer's advocacy and any alleged adverse action.

The ECBOE contends there is no pretext evidence regarding Defendants' legitimate nondiscriminatory reasons.

**C.     *Defendant Temeyra McElrath's contentions***

Ms. McElrath denies all material allegations, and specifically denies that she retaliated or discriminated against Ms. Palmer.

Ms. McElrath contends that Ms. Palmer's claims are barred by the Statute of Limitations and/or that Ms. Palmer failed to exhaust her administrative remedies as a prerequisite to filing the instant Complaint.

Ms. McElrath contends that Ms. Palmer has no claim under §1983 as any such claim is duplicative of her Rehabilitation Act and ADA claim.

Ms. McElrath contends that Ms. Palmer suffered no adverse action.

Ms. McElrath contends that there is no causal connection between Ms. Palmer's advocacy and any alleged adverse action.

Ms. McElrath contends that she is entitled to Qualified Immunity.

**5.     STIPULATIONS BY AND BETWEEN THE PARTIES:**

A.     The parties agree that Ms. Palmer's son, A.W., is a qualified individual with a disability under both the ADA and Section 504 and was at all times made the basis of this lawsuit.

B.     The parties agree that Ms. Palmer filed a special education due process complaint against the ECBOE in 2017.

C.  The parties agree that the ECBOE and Ms. Palmer reached an agreement for A.W.'s education plan, which was reduced to a judgment on April 5, 2018, ordering the ECBOE to allow A.W. to physically attend school for a full school day.

D.  The parties agree that A.W.'s school absences came to the attention of André Jackson, the ECBOE's attendance supervisor.

E.  The parties agree that a letter dated January 8, 2019 was sent from Millbrook Middle School classifying A.W. as truant, and advising that truancy is a violation of the Alabama Attendance law, (Section 16-28-12), and that failure to attend a parent conference "may result in the filing of a complaint against the parent."

F.  The parties agree that a letter dated January 11, 2019 was sent from letter from Millbrook Middle School regarding A.W.'s truancy and advising of a meeting to be held with the ECBOE Attendance Coordinator on January 23rd at 2:00 p.m.

G.  The parties agree that Ms. Palmer filed another special education due process complaint with the Alabama State Department of Education against the ECBOE on January 22, 2019.

H. The parties agree that Ms. Palmer and an employee from Max Cassady's office, Stephanie Enfinger, went to meet with the truancy officer, Andre Jackson, in-person on January 23, 2019.

I. The parties agree that neither Ms. Palmer nor Ms. Enfinger informed the truancy officer, Andre Jackson, that a legal judgment required the ECBOE to permit A.W. to attend school

J. The parties agree that neither Ms. Palmer nor Ms. Enfinger informed the truancy officer, Andre Jackson, that a new due process complaint had been filed on behalf of Ms. Palmer with the Alabama State Department of Education, the day before the meeting, January 22, 2019.

K. The parties agree that Ms. Enfinger secretly recorded the meeting with the truancy officer, Andre Jackson, without his knowledge or consent, which is not an illegal recording activity in Alabama.

L. The parties agree that Temeyra McElrath did not inform the truancy officer for the school system, André Jackson, that a legal judgment required the ECBOE to permit A.W. to attend school.

M. The parties agree that on February 6, 2019, André Jackson provided A.W.'s name to Sheena Robinson with the Helping Families Initiative at the Elmore County District Attorney's office because of A.W.'s school absences.

N.   The parties agree that on February 12, 2019, Elmore County District Attorney Randall Houston sent Ms. Palmer a letter that stated that A.W. was truant, that she was required to participate in a program to address A.W.'s truancy, and that if she did not participate, then there could be legal consequences for her.

\*\*\*

**It is ORDERED that:**

**(1) The non-jury trial of this cause, which is to last one to two days, is set for March 13, 2023, at 10:00 a.m. at the United States Courthouse in Montgomery, Alabama;**

**(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;**

**(3) The parties in this case are not required to file trial briefs. However, if they wish to do so, their trial briefs shall be filed no later than March 6, 2023;**

**(4)  Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each**

photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(5) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (Doc. 29, as amended) entered by the court on October 25, 2021; and

(6) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this order be hereafter modified by order of the court.

DONE, this the 19th day of January, 2023.

                                                /s/ Myron H. Thompson
                                     **UNITED STATES DISTRICT JUDGE**